IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, <br><br> Plaintiff, <br><br> v. <br><br> United States; Steven Patterson; Federal Bureau of Investigation, <br><br> Defendants. | C/A No. 3:24-cv-758-JFA-PJG <br><br><br> **ORDER** |

**I.      INTRODUCTION**

Ronald Brunson ("Plaintiff"), proceeding pro se, filed this civil action against the United States and others. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint, the Magistrate Judge determined that this case is subject to the pre-filing injunction issued against Plaintiff in C/A No. 3:14-2540-JFA. Accordingly, Plaintiff was ordered to pay the filing fee in this case. The Magistrate Judge gave Plaintiff 21 days to make the payment and warned Plaintiff that failure to pay this fee would result in dismissal of the case. (ECF No. 10). Despite this, Plaintiff failed to make the required payment.

Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 19). Within the Report, the Magistrate Judge opines the Complaint is subject to dismissal for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41. *Id.* The Report sets forth, in detail, the relevant facts and standards of

law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections on April 18, 2024. (ECF No. 25). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 19). In his apparent response to the report, Plaintiff's filing avers that "I shall mail you $405.00 Four Hundreds [sic] and Five Dollar for Court hearing." (ECF No 25). However, Plaintiff has yet to make any payment and the deadline imposed by the Magistrate Judge has long since expired. Accordingly, Plaintiff's "objections" do nothing to alter the Magistrate Judge's ultimate conclusion that Plaintiff is required to make sufficient payment

which he has failed to complete. Accordingly, Plaintiff's case is subject to dismissal pursuant to Rule 41.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 19). For the reasons discussed above and in the Report, this action is summarily dismissed without prejudice. Additionally, Plaintiff's motion for leave to proceed *in forma pauperis* is denied. (ECF No. 2).

IT IS SO ORDERED.

May 24, 2024
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge